UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY MACK O/B/O
C.M.,

     Plaintiff,

vs.                                                     Case No. 3:04-cv-393-J-MCR

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her minor daughter's application for Social Security benefits. In addition to hearing oral argument on October 26, 2005, the Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and the matter **REMANDED**.

**I.    PROCEDURAL HISTORY**

Plaintiff, Mary J. Mack, protectively filed an application for childhood Supplemental Security Income ("SSI") benefits on October 23, 2000, on behalf of her daughter ("Claimant") alleging an onset date of September 15, 1998. (Tr. 96-101). The Social Security Administration ("SSA") denied this application initially and on reconsideration. (Tr. 56-61). Plaintiff then requested and received a hearing before an

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 22).

Administrative Law Judge (the "ALJ") on October 14, 2003. (Tr. 70-71, 29-55). On December 11, 2003, the ALJ issued a decision finding the Claimant was not disabled. (Tr. 11-23). On January 15, 2004, Plaintiff filed a Request for Review by the Appeals Council (the "AC") that was accompanied by new medical records and a letter. (Tr. 7B-7C). The letter informed the AC that in addition to the new records provided, additional new medical records were missing from the administrative record and the missing evidence would be submitted as it was received. (Tr. 7C). On March 29, 2004, without receipt of the forthcoming evidence referred to in the letter, the AC considered the new medical evidence, made it part of the record, and denied Plaintiff's request for review (Tr. 5-7A), thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed her Complaint in the U.S. District Court on May 25, 2004. (Doc. 1).

On June 28, 2005, counsel for Plaintiff notified the Court that Plaintiff filed a subsequent application for SSI benefits on behalf of her daughter and that the Commissioner awarded Claimant benefits effective January 23, 2004, the date of the subsequent application. (Doc. 20). Accordingly, the undersigned is only concerned with the time period October 23, 2000 to January 22, 2004.[2]

---

[2] Despite Plaintiff's assertion that her daughter was disabled since September 15, 1998, SSI benefits can only be paid from the date of application. See 20 C.F.R. § 416.335 (stating that "the earliest month for which we can pay you benefits is the month following the month you filed the application").

## II. NATURE OF DISABILITY CLAIM

### A. **Basis of Claimed Disability**

Plaintiff claims her daughter is disabled since September 15, 1998, due to emotional and mental depression. (Tr. 96-101, 125).

### B. **Summary of Evidence Before the ALJ**

Claimant was eight years of age on the date the ALJ's decision was issued. (Tr. 12). At the time of the hearing, she was enrolled in the second grade in regular classes with "some special attention". (Tr. 34-35). Claimant's medical history is highlighted in the ALJ's decision. By way of summary, the record reveals the following relevant evidence of record.

Plaintiff identified "Dr. U. Mhatrye" and Bill Vinton as her daughter's treating doctors on the "Disabilty Report - Child" form and indicated Claimant's next appointments were scheduled for November 2, 2000.[3] (Tr. 126). Claimant's medical record from Umesh M. Mhatre, M.D. and William B. Vinton, ARNP consists of six entries between July 27, 2000 and October 21, 2000. (Tr. 183-90). According to Claimant's prescription record from Eckerd Drugs #3570, Dr. Mhatre began prescribing medication for Claimant on July 27, 2000, and continued to do so until June 27, 2003. (Tr. 177-79).

On February 12, April 20, and June 11, 2001, consultative opinions were issued regarding Claimant's disability, with the first opinion based on an examination. (Tr. 191-

---

[3] Plaintiff incorrectly spelled Dr. Mhatre's name on the Disabilty Report. In addition, throughout the record, William B. Vinton's name is misspelled in a variety of different ways. Unless his name appears in a quote, this Court will use the correct spelling "Vinton".

93, 194-96, 197-202).  On July 19, 2001, Plaintiff brought Claimant to Shands at Vista for evaluation upon the suggestion of "Dr. Mhatre and Dr. Bill Vincent, who is [sic] the patient's psychiatrist and psychologist."  (Tr. 203-08).  Claimant's discharge diagnosis was "attention deficit hyperactive disorder, inattentive type and depressive disorder, not otherwise specified."  (Tr. 203, 208).  On July 24, 2001, Claimant was discharged with follow-ups scheduled with Dr. Mhatre on July 30, 2001 and "with Dr. Bill Vincent for psychotherapy weekly."  (Tr. 208).

On January 11, 2003, Mr. Vinton wrote a letter identifying Claimant as his patient since July 2000 and welcoming contact for further assistance.  (Tr. 283).  On March 27, 2003, the SSA received "Claimant's Recent Medical Treatment" form which identified Dr. Mhatre and Mr. Vinton as Claimant's treating doctors since July 2000.  (Tr. 149).

On April 15, 2003, the ALJ notified Plaintiff that a consultative examination was "necessary for the proper evaluation of [Claimant's] claim" and requested her cooperation in making the arrangements.  (Tr. 85-90).  The consultative examiner, C. Russell Clifton, Jr., Ph.D., noted in his report, Plaintiff "reported that Dr. Mhatre believes that [Claimant] suffers from Attention Deficit Hyperactivity Disorder and Bipolar Disorder.  She sees William Vinton, ARNP, about every two weeks as well as a therapist once a week."  (Tr. 240).  On June 17, 2003, the ALJ notified Plaintiff that he was making the consultative examination a part of the record.  (Tr. 91).

On July 9, 2003, Claimant was again admitted to Shands at Vista where detailed reports were taken daily until her discharge on July 15, 2003.  (Tr. 248-78).  In the "Screening Assessment", Dr. Mhatre and Mr. Vinton were identified as "Current

Behavioral Health/Substance Abuse Providers/Services." (Tr. 252). Claimant's discharge summary indicated follow-up appointments were scheduled with Dr. Mhatre and Mr. Vinton on July 16, 2003. (Tr. 267). Claimant was again admitted on September 9, 2003 and discharged on September 16, 2003. (Tr. 279-81, 284-85).

On October 14, 2003, the ALJ conducted a hearing. The ALJ explained to Plaintiff that she could have an attorney or non-attorney representative whose responsibilities included gathering and presenting important records to the ALJ, questioning witnesses on her daughter's behalf, and arguing her daughter's disability to the ALJ. (Tr. 31-32). In addition, the ALJ informed Plaintiff that such representatives could be paid no more than $5,300 and only if Claimant was awarded benefits. (Tr. 32). The ALJ also inquired as to whether Plaintiff had a chance to look at Claimant's file to which Plaintiff responded, "Yes, sir. I think you and our file's [sic] about the same here." (Tr. 34). There was additional discussion between the ALJ and Plaintiff concerning the submission of additional evidence during which Plaintiff stated, "I made sure that the girls did not have to go through any more paperwork to make sure that there was nothing in there that I brought today that was already in the file."[4] (Tr. 34).

### C. <u>Summary of the ALJ's Decision</u>

In order for an individual under the age of eighteen to be entitled to SSI payments, a claimant must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12

---

[4] The Court notes that the record contains numerous duplications.

-5-

months." 42 U.S.C. §1382c(a)(3)(C)(I); 20 C.F.R. §416.906.  Under the applicable regulations, a three-step evaluation process is utilized.  First, a determination as to whether the claimant is engaged in substantial gainful activity must be made.  If not, the next determination is whether the claimant has a severe impairment or combination of impairments.  If so, it must then be determined whether the impairment or combination of impairments meet or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfy the duration requirement.  Where each of these requirements is satisfied, the claimant will be found disabled.  20 C.F.R. §§ 416.924 - 416.926(a) (emphasis added); Wilson v. Apfel, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999).

In the instant case, the ALJ determined Claimant was not engaged in substantial gainful activity.  (Tr. 13, 22).  At step two, the ALJ determined the child had severe attention deficit hyperactivity disorder.  (Tr. 13, 22).  At step three, the ALJ determined Claimant's impairments did not meet, medically equal or functionally equal the criteria of any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4.  (Tr. 13, 235-26).  In making that determination, the ALJ found Plaintiff's testimony was credible and consistent with the medical record.  (Tr. 22).  Ultimately, the ALJ found Claimant was not disabled within the meaning of the Social Security Act and, thus, not eligible for SSI payments.  (Tr. 12, 23).

### D. Evidence Presented to the Appeals Council

After receiving the ALJ's decision, Plaintiff filed a Request for Review of Hearing Decision that explained specific records were missing from the administrative record

before the ALJ.  (Tr. 7B-7C).  With her request for review, Plaintiff provided the AC with a bit of the missing evidence, which consisted of a medical record from Shands at Vista. (Tr. 300-02).  Under the Baker Act, Claimant arrived at Shands at Vista on December 29, 2003, due to an apparent desire to kill herself and injure her cousin, grandmother, and mother.  (Tr. 300).  On Claimant's January 5, 2004 discharge summary, Kim White, M.D., opined "[t]he patient was able to benefit from cognitive/behavioral interventions and develop improved coping skills and identify her previous cognitive distortions."  (Tr. 301).

The AC accepted this additional evidence and considered it; however, without waiting for the remainder of the identified missing records, the AC found that the new information did not "provide a basis for changing the Administrative Law Judge's decision."  (Tr. 5-6).

### III.     STANDARDS OF LAW

#### A.     The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## IV.   ANALYSIS

Plaintiff argues two issues on appeal. (Doc. 19). First, Plaintiff asserts the ALJ erred by failing to fully develop the record. (Doc. 19, pp. 13-17). Specifically, Plaintiff argues the ALJ did not obtain either updated medical records from Claimant's treating child psychiatrist or recent school records and reports. (Doc. 19, p. 13). Second, Plaintiff claims the ALJ did not properly evaluate Claimant's functional limitations. (Doc. 19, pp. 17-21).

The Commissioner responds that the decision of the ALJ is indeed based on substantial evidence because Plaintiff's failure to proffer evidence is not a basis for remand and there were no gaps in the "well-developed medical record." (Doc. 27, pp. 5-8). The Commissioner expounds on Plaintiff's "ultimate responsibility for furnishing

relevant evidence." (Doc. 27, pp. 6-8). Additionally, the Commissioner replies that substantial evidence supports the ALJ's determination that Claimant only has a marked limitation in her ability to interact and relate to others. (Doc. 27, pp. 8-10).

In response to the "Commissioner's invitation to 'proffer'" the updated records, Plaintiff filed a reply brief with over 200 pages of medical records attached. (Doc. 30, Exs. A-C). The submission of this additional evidence raises a third issue – i.e., whether this Court may consider new evidence that was submitted to neither the ALJ nor the AC.

The Court finds that the ALJ did not fulfill his duty to fully and fairly develop the record; therefore, the Court will not address whether the ALJ committed legal error in evaluating the evidence with regard to Claimant's functional limitations and need not determine the circumstances under which it may consider new evidence.

### A.   **Whether the ALJ erred by failing to fully develop the record.**

A claimant must provide the ALJ with medical evidence so that the ALJ may reach a conclusion about the claimant's medical impairments. 20 C.F.R. § 416.912(a), (c). Nevertheless, due to the non-adversarial nature of a social security proceeding, the ALJ also has a duty to investigate facts and develop arguments both for and against granting benefits.[5] Sims v. Apfel, 530 U.S. 103, 111, 120 S. Ct. 2080 (2000) (citing Richardson v. Perales, 402 U.S. 389, 400-01, 91 S. Ct. 1420 (1971)). This duty

---

[5] Although Plaintiff does not raise any issues with the AC's decision, this Court notes that a similar duty to fully and fairly develop the record applies to the AC. See Sims, 530 U.S. at 111.

remains regardless of whether a claimant is represented by counsel.[6]  Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995).  If the claimant is represented or has validly waived her right to representation, the ALJ's duty to fully and fairly develop the record includes making "every reasonable effort to obtain from [Claimant]'s treating physician(s) all the medical evidence necessary to make a determination."  Blanks o/b/o Blanks v. Apfel, 2001 U.S. Dist. LEXIS 2841 (S.D. Ala. 2001) (citing 20 C.F.R. § 416.912(d)).  On the other hand, when an unrepresented claimant has not waived her right to counsel, the ALJ has a "special duty" to develop a full and fair record.  Brown, 44 F.3d at 934.  To satisfy this special duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."  Id. at 934-35 (quoting Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982)).  However, before a determination will be made regarding whether the claimant's rights of due process were violated, the claimant must make a showing of prejudice.  Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985).

In order to prove she was denied a full and fair hearing and, thus, entitled to a remand, an unrepresented claimant who has waived her right to counsel must show "clear prejudice or unfairness" caused by lack of counsel.  Id. at 1540 n.2 (quoting Clark v. Schweiker, 652 F.2d 399, 404 (5th Cir. 1981) and citing Ware v. Schweiker, 651 F.2d 408, 413-14 (5th Cir. 1981)).  Conversely, an unrepresented claimant who has not

---

[6] Counsel for Plaintiff emphasizes Plaintiff's lack of representation (Doc. 19, pp. 2, 8, 13), thus implying the ALJ's duty to develop the record was heightened to a special duty.  However, an ALJ's duty does not rise to the level of "special" where a claimant has validly waived representation.  Arrant v. Massanari, 2001 U.S. Dist. LEXIS 8738 (S.D. Ala. 2001) (citing Brown, 44 F.3d at 934-55).

validly waived representation must simply demonstrate she was prejudiced by lack of counsel.  Smith, 677 F.2d at 829.  To establish prejudice, a claimant must show "that the ALJ did not have all of the relevant evidence before him in the record . . ., or that the ALJ did not consider all of the evidence in the record in reaching his decision."  Kelley, 761 F.2d at 1540 (citing Smith, 677 F.2d at 829); see Brown, 44 F.3d at 935 (explaining courts are guided by whether evidentiary gaps in the record result in unfairness or clear prejudice when evaluating the necessity for a remand).

     Initially, the Court notes that Plaintiff has not argued that her waiver of her right to representation was invalid or that she was prejudiced by the lack of representation.  Rather, Plaintiff argues that she was not represented and that the ALJ did not obtain updated records from her treating child psychologist or her school prior to ordering a consultative exam.  Nonetheless, as the issue of waiving representation affects both the ALJ's duty and the Plaintiff's burden for establishing prejudice or unfairness, the Court will first determine whether Plaintiff voluntarily and knowingly waived her right to counsel.  See Brown, 44 F.3d at 935 (noting ALJ has special duty to develop record where claimant has not waived right to representation); Kelley 761 F.2d at 1540 n.2 (explaining unrepresented claimant's burden to establish prejudice changes slightly depending on whether waiver was valid).

     Prior to the hearing, Plaintiff signed the waiver of counsel form after receiving notice from the SSA explaining her right to representation, describing what fee arrangements and percentages were possible, and providing a list of lawyer referral services and legal aid services available in her area.  (Tr. 80-83).   At the hearing, after

fully explaining the role of representation and describing how a representative is paid, the ALJ asked Plaintiff, "[D]o you want to go forward today without a representative or would you like time to check into getting one?"  (Tr. 31-33).  Plaintiff responded, "No, sir. I would like to go on."  (Tr. 33).  It is apparent from the record in its entirety that Plaintiff was apprised of her right to counsel and elected to proceed pro se.  Accordingly, the Court finds Plaintiff knowingly and voluntarily waived her right to representation.

Since Plaintiff waived her right to counsel, Plaintiff must show clear prejudice or unfairness caused by her lack of counsel in order to prove she was denied a full and fair hearing.  See Kelley, 761 F.2d at 1540.  In this case, Plaintiff argues that the record before the ALJ was incomplete for it did not contain records from Claimant's treating child psychiatrist or school during the three years intervening between Claimant's application and the hearing thus, suggesting that the record indicates evidentiary gaps which result in unfairness. (Doc. 19, pp. 13-17).  In support of her allegation, Plaintiff submits over 200 pages of medical records to this Court.[7]  (Doc. 30, Exs. A-C).  In addition, the record shows that Plaintiff's non-attorney representative notified the AC of these missing medical records.  (Tr. 7C).

According to the Eleventh Circuit, "The lack of [recent] medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits."  Brown, 44 F.3d at 935-36.  As Plaintiff failed to

---

[7] A claimant is not required to submit evidence that was allegedly missing from the record in order for the Court to find prejudice.  See Brown, 44 F.3d at 935-36 (noting that "[i]n the absence of proof to the contrary, however, we must assume that [the missing evidence] does lend credence to her allegations").

-12-

provide the ALJ with numerous medical records which existed at the time of the hearing, the record was obviously incomplete.  Although Plaintiff does not explicitly maintain that these medical records would have been brought forth if she had had an attorney, it is evidenced by a review of the record.  For her appeal to the AC, Plaintiff obtained a non-attorney representative who recognized the evidentiary gap, the significance of the missing records, and the impact such records could have upon the decision to award benefits, and therefore, attempted to submit the missing medical records to the AC.  The Court finds Plaintiff has made a showing of prejudice or unfairness resulting from her lack of counsel.

Finally, the Court considers whether the ALJ satisfied his obligation to develop the record fully and fairly.  As this Court found Plaintiff validly waived her right to counsel, the ALJ's obligation to develop the record does not rise to a special duty.  Instead, to fulfill his duty, the ALJ must make every reasonable effort to develop the record.  <u>Blanks o/b/o Blanks</u>, 2001 U.S. Dist. LEXIS 2841 (S.D. Ala. 2001) (citing 20 C.F.R. § 416.912(d)).  In addition, when the ALJ receives evidence from the claimant's treating psychologist that is inadequate for a disability determination, the ALJ "will" <u>first</u> re-contact the claimant's treating psychologist to determine whether the additional information the ALJ needs is readily available. 20 C.F.R. § 416.912(e); <u>see</u> <u>Johnson v. Barnhart</u>, 138 Fed. Appx. 186, 189 (11th Cir. 2005) (per curiam) (unpublished table decision); <u>Norman v. Apfel</u>, 100 F. Supp. 2d 1352 (N.D. Ga. 2000) (Remand required where ALJ failed to seek additional information from treating physician before turning to consultative physicians and information from treating physician was highly favorable to

claimant).  When the needed information is not readily available from the records of the claimant's treating source, <u>then</u> the ALJ will ask the claimant to attend a consultative examination.  20 C.F.R. § 416.912(f).  The ALJ will not evaluate consultative examination evidence until every reasonable effort has been made to obtain evidence from the claimant's own medical source.  <u>Id.</u>

In this case, Plaintiff identified William B. Vinton, ARNP, and Umesh M. Mhatre, M.D., as her daughter's treating doctors.  (Tr. 126, 149).  Upon reviewing the record, it appears that the ALJ made every reasonable effort to obtain this treating source evidence.  (Tr. 15, 141).  Even so, once the ALJ determined that a consultative exam was "necessary for the proper evaluation of [Claimant's] claim" (Tr. 85), he was obligated to make every reasonable effort to re-contact these treating doctors for more information.  Yet, the entire record is void of any evidence that the ALJ attempted to re-contact Dr. Mhatre or Mr. Vinton once he determined that their records were insufficient to support a disability determination.  Consequently, the Court is unable to ascertain whether the ALJ made every reasonable effort to re-contact Claimant's treating psychologists to remedy the inadequate record prior to requesting a consultative exam; and therefore, the Court finds the ALJ did not fully and fairly develop the record.

## V.     CONCLUSION

For the foregoing reasons, pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Commissioner is **REVERSED** and **REMANDED** with instructions to (1) reconsider Claimant's functional limitations in light of the evidence attached to Plaintiff's Reply Brief (Doc. 30, Exs. A-C) and (2) conduct any other proceedings deemed

appropriate. The Clerk is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this  30th  day of November, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record