UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY MACK o/b/o C.M.,

    Plaintiff,

vs.                                                      Case No.  3:04-cv-393-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees  (Doc. 37) filed January 20, 2006.  The Commissioner filed a response (Doc. 38) opposing the amount of fees sought in the Petition on February 3, 2006.  This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Docs. 35 and 36).

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

   1. Prevailing Party

The Judgment in this case (Doc. 36), filed on December 1, 2005, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

   2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on December 1, 2005, and the Petition was filed on January 20, 2006, fifty days later.  Accordingly, the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff asserts that her net worth was less than $2 million at the time this proceeding was filed and the Commissioner does not contest. Accordingly, the Court finds this requirement satisfied.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of her position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds her position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust, however, as noted below, finds special circumstances justifying a reduction in the amount sought by Plaintiff.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $7,160.21[1] in attorney's fees, representing 3.25 hours at hourly rates of

---

[1] Plaintiff's calculation is incorrect. Based on the hours worked and the rates sought, Plaintiff should be seeking $4,154.85.

$155.35 for work performed in 2004 and $159.60 for 41.7 hours of work performed in 2005.  (Doc. 37, p.2). Plaintiff also seeks an award of expenses in the amount of $129.25.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  The Commissioner does not oppose Plaintiff's proposed hourly rate of $155.30 for work performed in 2004 and $159.60 for work performed in 2005.  Accordingly, the Court will adopt these rates.

The Plaintiff seeks an award based on a total of 44.95 hours of attorney time for the two attorneys working on this case.  The Commissioner objects to this amount.  The Commissioner notes that the time sheet provided for attorney, Tracy Tyson Miller, miscalculates the amount of time worked by Ms. Miller.  Although Plaintiff seeks to recover 16.05 hours of time, the time sheet accounts for only 8.65 hours.[2]  Accordingly, the Court will only award 8.65 hours of time for Ms. Miller's work.

Ms. Bohr has likewise submitted a time sheet in which she seeks payment for 28.9 hours of work.  The Commissioner objects to this amount as being "excessive and duplicative hours devoted to [a] routine brief."  (Doc. 38, p.2).  The Commissioner notes

---

[2]  The Commissioner calculated the hours reported by Tyson equaled 10.65, however, the Court has repeatedly calculated the time reported and reaches a sum of only 8.65 hours. (Doc. 37, p.8).  Moreover, there is no time reported for 2004 despite Plaintiff's claims otherwise.

-4-

that Plaintiff's attorneys spent a total of 20.35 hours reviewing the record, writing and editing the initial brief in this case. The Commissioner argues that 15 hours "represents a generous amount of time for attorneys of such experience to have prepared the brief in this case," and therefore, asks the Court to reduce the hours Ms. Bohr is compensated from 28.9 to 23.5.

The Court has reviewed the time sheet provided by Ms. Bohr and notes that there is some duplication. Indeed on August 22, 2005, both Ms. Bohr and Ms. Miller billed for reviewing the new medical evidence acquired. The Court will not permit this duplication and therefore, will deduct 1.5 hours from Ms. Bohr's time sheet to address this duplication. As for Defendant's contention that the amount of time spent on the initial brief is excessive, the Court does not agree. Ms. Bohr's time sheet reflects sixteen hours spent preparing the initial brief. While the Court would expect an attorney with Ms. Bohr's credentials to be able to complete a brief in less time, the Court does not find sixteen hours excessive.

After making the necessary deductions, Plaintiff is seeking a total award of 36.05 hours. The Court believes 36.05 hours of attorney time is reasonable (albeit on the upper end of reasonable) in this case. Therefore, the Court finds $5,753.58 ($159.60 x 36.05 hours) is a reasonable fee in this case.[3] Moreover, Plaintiff will be awarded expenses in the amount of $129.25 for a total award of $5882.83.

Accordingly, after due consideration, it is

---

[3] The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

**ORDERED AND ADJUDGED:**

1. Plaintiff's Consent Petition for Attorney's Fees (Doc. 18) is **GRANTED in part**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $5,753.58 in attorney's fees and $129.25 in expenses for a total award of $5882.83.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  14th  day of February, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record